The panel, although only two of us are sitting here, also includes Judge Radji, who is unable to be with us today. The the arguments are recorded. She will review them before we conference to make a decision. So please pretend that she is sitting here. The first case on for argument is Higgins v. Stathakis. Good morning, Your Honors. My name is Todd Steckler, and I represent the appellant Higgins Avenue LLC. Higgins Avenue LLC is the owner of the real property located at 11-31, I'm sorry, 11-3105 Higgins Avenue. It is that property that is the issue underlying this action completely. Well, let me stop you there. I'm not sure that you, I thought the ownership of the property was in doubt, or at least it is the subject of litigation. It may be the subject of litigation, Your Honor, but my clients are the title owner of that property. I would additionally That has not been established in the state court yet. That's correct. It has not been established in the state court, but they do have the deed that's in their name at this point. Right. But there's a claim that it was procured by fraud, and so that's still an open question. I would additionally point out to Your Honor that in the forfeiture, the ancillary forfeiture proceedings, where Higgins made its claim to the property after it was forfeited by Stathakis to the United States government, the property was released to Higgins Avenue LLC and taken out of the forfeiture. Not by the judge. It was done by the government. That's correct, Your Honor, but the only basis that the government could do— It stayed in and it was forfeited to the government, and then the government had transferred it to you. That might present a different set of facts, but go ahead. Well, but that is the circumstances, Your Honor. So the choice that we were left with is that we could have rejected the U.S. attorney's, the government's offer to remove it from the forfeiture order, gone to a hearing— Or gotten a court order saying that you were entitled to it. Well, that would have required a hearing, Your Honor, and if we would have gone for a hearing at that point, that would have been a trial, which was the same thing that was being accomplished by the U.S. attorney. Well, you say it was being accomplished, but I'm not sure it was. It was taken out and disposed of by the government. The government was satisfied with your claim at that point, and so that's where it is. And you face a litigation in a state court on this. Perhaps even more significant, Your Honor, is that under the law of forfeiture, once the property was forfeited to the United States government and the forfeiture order and judgment were entered, that property belonged to the United States at that point. Except up until the value of the property, yes. Well, Your Honor, again— Until the value of the judgment, yes. If we look at what the forfeiture order said— You don't have to remind me of that. It's on every other page of your brief. It is, Your Honor. And it's clear— That's your strongest argument. —that they forfeited all right and title pursuant to a hearing where they admitted that the recoverable value in this property—Stathakis admitted during the forfeiture hearing that the value of this property was only $500,000 beyond the $3.5 million mortgage, and offered at that point to simply stipulate that he was going to give the property up. Moreover, in that same hearing, Counsel for Stathakis admitted that Higgins was the bona fide owner of the property. Both those occurred. What made a determination as to the value of the property? I would disagree— Judge Hammond. I would disagree with Your Honor. In the forfeiture— He formally decided that question. Your Honor, I believe there's a direct statement where she finds that the value of the property is $500,000 and that the value of all seven properties is $1.7 million, which is less than the $2.8 million that was owed pursuant to the forfeiture. She doesn't believe it was fully litigated. That's her position. Strangely, Your Honor, in her order, though, she does not talk about the forfeiture hearing at all. She talks about the failure of Higgins to have raised it in a motion before the district court. Higgins would have never had that opportunity. I thought that was something that was going to be done, that the other state action was going, and you were going to take some action over there to try and get the case dismissed. Which we did, Your Honor. Yeah, you did, and then you came back a bit late, which was a problem for her, to her, because you weren't successful in the state court. So you then wanted to get a ruling under the Oritz Act here, an injunction, to get what you were not able to achieve in state court, and she denied it. And she said that that particular issue was not fully litigated, so that all the issues that you were claiming were precluded in state court were not fully litigated. Well, if we look at it, Your Honor, and we look at the three factors that were necessary for res judicata as applied by the Court, it's very clear that the three factors were easily met. The first factor was, was there a previous adjudication on the merits? So, yes. Of what issue? Of Stathakis's ownership of the property. And that was adjudicated in the forfeiture proceedings. Could not have been his ownership of the property, that is, the amount that could have been forfeited was only, okay, Stathakis's ownership in the property was, initially was determined, correct? That, but not, it was determined based on the Supreme Court, the state Supreme Court action. Based on the allegations in that action, they found that that's enough, that was enough of a claim of ownership that the property could be forfeited. And as the judge said... I thought they conceded that for purposes of argument and then went on to the next step. Conceded... All right, let's assume he owns the property. That's right. Let's assume he owns the property, which to me is different from you own the property. I agree, but I don't have to prove I own the property until the ancillary proceedings. So, and in the ancillary proceedings, we put forth proof to the U.S. attorney who owned the property, the government owned the property at that point. Could only have forfeited up to the amount of the judgment. Judge Allen could only have entered an order into that. Correct. If he said up to the amount of the judgment, you know, I'm forfeiting the following properties, but then it turns out that one of the properties is worth more, then that's not been forfeited. Again, but that's not what the preliminary order of forfeiture says, nor is that what the law of forfeiture says. We focused on this problem at that point. Everybody kind of assumed that all these properties were not worth that much. That's correct. Maybe they're right, but maybe they're wrong. But if they were wrong, Sithakus needed to make a claim in the Federal court action, either on appeal or during the preliminary, during the forfeiture hearing, that the value of these properties were greater. So there could have been something in the order, as we saw in the cases cited, that said if the value of the property exceeds the amount of judgment, the excess value is returned to the defendant. She did cite whatever it is, 783, 782 P, and that only authorizes forfeiture up to the amount of the judgment. Which is what the forfeiture hearing was about. Moreover, because all of it was forfeited pursuant to the forfeiture statute, what's clear is that once the defendant loses the property, under no circumstances can that property go back to the defendant, even if the U.S. government does not exercise its rights with respect to the property. The forfeiture law is clear on that point as well. So there's no basis here for the property to ever go back to Sithakus. All of his right title and interest in the property were wiped out in that foreclosure action. Sotomayor up to the amount of what was owed on the judgment. If that's what the forfeiture order would have said. But that's not what the forfeiture order said. Because it wasn't litigated. It was litigated in the forfeiture hearing, Your Honor. It was litigated dollar for dollar in the forfeiture hearing. If you look at the transcripts from the forfeiture hearing, if you look at the order. Where is her finding, actual finding? In her, in her, in her, that the value of the property has been litigated. And this is what the, in her forfeiture order, Your Honor. She specifically states. And if you give me one second. Maybe you want to, I have it here. So, so, so in the court's order on the forfeiture hearing, not. We're in the appendix. Can you just give us an appendix? Sure. Give me one second. It would be 334 of the appendix. Okay. Okay, yeah. So it says, if we go, it says the forfeiture, application preliminary order forfeiture against the fact is as an initial matter, the court concluded that based on the evidence presented, the total amount of Stathakis liability total is 3 million plus. Reducing the amount by the forfeiture of his co-conspirators, Stathakis must forfeit 2.8 million. The court then went on to discuss the individual properties. Got to number seven, which was this property, and said this property may be substituted as Stathakis confirmed his ownership under oath in pleadings before the Supreme Court of Queens County. And through his counsel during the hearing at the asset forfeiture. The equitable, the feasible equity in this property may total $500,000. In sum, the court has concluded that Stathakis has ownership interest in the following seven properties. The total estimated of the forfeited assets is estimated to be 1.798 million. Accordingly, these properties may be substituted to satisfy the money judgment against Stathakis. The court notes, however, that those properties may not be forfeited to the government before it is complied with the third party notification provisions of the federal law. So there's a specific findingness to the value, and there's a specific finding in the order that the value of all seven properties is less than the forfeiture amount. It's an order of the district court. That's what she found. She said it may be. It might be that. She didn't make a finding. She did. She made a finding. No, everybody assumed it was less, and that's the way it was handled. But now there's a different question, and she's saying that that issue wasn't litigated. Who would know best? Whether she made a finding or whether she— Well, again, if you look at the district court's order, Your Honor, the issue that she says is that there was no motion made before the district court by Higgins. She doesn't even talk in her order about the forfeiture hearing or her order as a result of that hearing. She ignores that completely in her order and instead focuses on Higgins' purported failure to make an earlier motion seeking this relief.  Thank you, Your Honor. We certainly have your argument, Mr. Steckler, and you've reserved a minute for rebuttal. All right, title and interest. Good morning, Your Honor. It's Brian Gardner for the appellate, Mr. Stathakis. So as Your Honor has pointed out, she did not decide—Judge Ammon says what Judge Ammon decided. She explains what was before the court. She even goes so far as to say this issue was not before the court, and it could not have been before the court, and was not necessary to her decision because the issue didn't come up. The only thing that was before her was, was it something that could be a substitute forfeited asset? She found it was because—and we did not dispute it. Certainly, we did not dispute it because we were claiming in a state court action that we own the property. So that was the issue before her, the issue of whether, as she states in her order very clearly, the issue of whether or not my client had any interest in the property above the judgment was not litigated before her in spite of the fact that they came to her on a pre-motion conference and then waited five years to seek a TRO. What the—what was litigated before her was only up to the judgment. In fact, I can just say they, as Your Honor has noted, every other page of their brief maybe, they quote from the preliminary order of the—preliminary order of forfeiture. Of course, the statute that the court referred counsel to, 853P, only gives jurisdiction authority to forfeit a substitute asset up to the value of the judgment. So you don't even need to say it. However, Judge Ammon, which is counsel conveniently does not point to, in her final order of forfeiture, in recounting what she did in the preliminary order of forfeiture before this conflict was ever raised to her, said, what I did in the preliminary order of forfeiture is I forfeited various properties up to the amount of the judgment. She specifically states that. And that was the issue before her. This issue of whether or not the client retained an interest was specifically not before her. And she explains in great detail that it was not necessary to be before her for the order. So counsel comes before this court and says the state court got it wrong. The state appellate court got it wrong on a slightly different basis. And Judge Ammon got her own decision wrong and is incorrect as to what were the issues that she was deciding in the decision. It's—I don't—it's just blatantly on its face false. There's no basis to be here— What's the status of the state court proceeding at this stage? A trial in January, Your Honor. And that seems like finally, finally a real trial date. The witness are prepared. The court has given us that trial date after many delays. And it seems that that should go forward in January. Absent. Hopefully this court doing something else. If there are no questions, thank you. Thank you, Mr. President. Mr. Steckler, have another minute if there's something more that you—or something different? Again, the only thing that I would point out is that once the property is forfeited and the law is clear, it belongs to the United States and it can never return to the defendant. That's the law. That's what I'm asking this court to enforce. Thank you very much. We'll reserve decision in this case. Thank you both for your arguments. Much appreciated.